UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Emma Cole,

        Plaintiff,

v.

Jason Andrew Kramlinger; St. Croix County, Wisconsin; State of Wisconsin; Scott Needham, *Judge*; Karl Anderson, *Prosecutor*; Jessica Buberl, and Sally Standart,

        Defendants.

File No. 24-CV-03521 (JMB/DJF)

**ORDER**

---

This matter is before the Court on Plaintiff Emma Cole's application to proceed in forma pauperis (Doc. No. 6) while pursuing her claims against the Defendants, who include the father of her minor child, the State of Wisconsin, certain attorneys, and a member of the Wisconsin judiciary (together, Defendants). For the reasons discussed below, the Court will dismiss Cole's Complaint because it fails to state a plausible claim for relief, and it will therefore deny the IFP Application as moot.

**BACKGROUND**

This matter arises from a child custody dispute, which has been ongoing since 2015. Cole is the mother of a minor child, O.C.L.K., and Kramlinger is the child's adjudicated father. *See In re the Paternity of O.C.L.K.*, No. 2015PA33PJ (Wis. Cit. Ct.).[1] Presently,

---

[1] The Court may take judicial notice of court records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

1

Cole and Kramlinger are involved in open family court proceedings in Wisconsin and Minnesota. *See id.*; *Kramlinger v. Cole*, No. 62-FA-24-453 (Minn. Dist. Ct.) In the past several months, the parties appeared in the Wisconsin matter before Defendant Judge Scott Needham to discuss a summer parenting schedule for O.C.L.K., and the docket shows ongoing activity and correspondence from the parties. *See In re Paternity of O.C.L.K.*, No. 2015PA33PJ. On October 28, 2024, Ramsey County District Court Referee Elizabeth Clysdale issued an order in the Minnesota matter clarifying that "Wisconsin has continuing and exclusive jurisdiction over the child custody proceeding pertaining to this matter and will continue to have such exclusive jurisdiction until the State of Wisconsin explicitly relinquishes jurisdiction over the file 2015PA33PJ." *See Kramlinger v. Cole*, 62-FA-24-453, Index #53 ¶ 11.

In addition, Cole was recently charged with, and pleaded no contest to, intentionally concealing a child from another parent in violation of Wisconsin state law. *See State v. Mary Ellen Langworthy*, No. 2022CF289 (Wis. Cir. Ct. Sept. 9, 2024).[2] In that matter, Judge Needham presided over the proceedings, Defendant Karl Anderson was the prosecutor, and Defendant Jessica Buberl represented Kramlinger. *See id.*

On September 3, 2024, Cole filed a Complaint in this Court. (Doc. No. 1.) In it, she alleges that Kramlinger continues to file motions in Wisconsin family court case even though the proceedings "w[ere] transferred to Minnesota in 2018." (*Id.* at 4.) She asserts that Kramlinger's conduct, and the other Defendants' complicity in it, "amount[s] to a

---

[2] Cole has also been known as Mary Ellen Langworthy.

2

conspiracy to deprive her of her . . . rights." (*Id.*) Specifically, she asserts claims of false imprisonment, harassment (including interstate stalking and threats to witnesses), denial of accommodations under the Americans with Disabilities Act (ADA), and a violation of the Violence Against Women Act (VAWA). (*Id.*) She asks the Court to enjoin Defendants' conduct, referral of parties for criminal prosecution, and to issue a lifetime restraining order against the Defendants. (*Id.*) She asserts that her claims arise under federal statutes, including 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, and the VAWA. (*Id.* at 3.) After filing the Complaint, Cole also filed an IFP Application, a motion to dismiss matters pending in state court, and motions for injunctive relief. (Doc. Nos. 3, 4, 6, 7.)

## DISCUSSION

Cole's IFP Application shows that she is financially eligible for IFP status. (*See* Doc. No. 6.) However, courts must deny an IFP application when the applicant's underlying pleading fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The complaint must at least "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining whether a complaint states a plausible claim for relief, courts accept as true all factual allegations and draw all reasonable inferences in favor of the plaintiff. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). A self-represented litigant's complaint is to be liberally construed; however, the complaint still must allege sufficient facts to support the claims in it. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

3

As discussed below, the Court has determined that the Complaint fails to state a plausible claim for relief because three Defendants are immune from suit and because Cole has not alleged sufficient facts in support of her claims against the remaining Defendants.

## I.  IMMUNITY FROM SUIT

### A.  State of Wisconsin

As noted above, the Complaint names the State of Wisconsin as a Defendant. The Eleventh Amendment to the U.S. Constitution bars individuals from suing a state in federal court unless either Congress authorized the suit, or the state waived its sovereign immunity by consenting to being sued. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The Court first observes that the Complaint does not make clear what allegedly wrongful conduct Cole attributes to the State of Wisconsin. To the extent her claim or claims against the State of Wisconsin arise under 42 U.S.C. § 1983, any such claims fail. Congress has not abrogated Eleventh Amendment immunity for claims under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1988). Further, the allegations in the Complaint do not permit the Court to reasonably infer that the State of Wisconsin has consented to suit under section 1983. *See, e.g.*, *Lister v. Bd. of Regents of Univ. of Wis. Sys.*, 240 N.W.2d 610, 618–19 (Wis. 1976) (explaining that state agency cannot be sued absent explicitly consent by state legislature).[3]

---

[3] Even if the Eleventh Amendment did not bar Cole's claims against the State of Wisconsin, the claim would still fail because the State of Wisconsin is not a "person" subject to suit under section 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Will*, 491 U.S. at 66.

### B. Judge Scott Needham

Cole also names Judge Scott Needham of St. Croix County, Wisconsin Circuit Court, as a Defendant. The doctrine of judicial immunity provides that a judicial officer, when "exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). Judicial immunity does not apply when a plaintiff alleges that (1) the alleged wrongful conduct was not taken in the judge's judicial capacity, and (2) when the alleged wrongful conduct was undertaken in the judge's judicial capacity but were "taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 948 F.3d at 11–12). Allegations of malice or corruption do not defeat judicial immunity. *Id.* To the extent the Complaint asks for declaratory or injunctive relief, judicial immunity bars such claims, as well. *See Scheffler v. Trachy*, 821 F. App'x 648, 652 (8th Cir. 2020) (per curiam).

Cole does not specify what allegedly wrongful conduct in the Complaint is attributable to Judge Needham. However, she does allege that the Wisconsin state court (over which Judge Needham presides) has issued "orders that violate her rights;" that "state actors in Wisconsin," including Judge Needham, have "manipulat[ed] court orders"; and that "Wisconsin no longer has jurisdiction over her case." (Doc. No. 1 at 4.) Thus, Cole appears to allege that Judge Needham is not entitled to judicial immunity because he acted without jurisdiction.[4] The Court disagrees.

---

[4] The factual statements in the complaint do not allege that Judge Needham acted outside of his judicial capacity, and only the second *Mireles* prong is at issue here.

5

Federal courts are to "construe broadly the scope of the judge's jurisdiction . . . where the issue is the immunity of a judge." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 762 (8th Cir. 2019) (cleaned up).  Wisconsin's Constitution provides that "the circuit court shall have original jurisdiction in all matters civil and criminal within this state . . . ." Wis. Const. art. VII § 8; *see also* Wis. Stat. § 753.03 (providing that the "circuit courts have the power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court").  Further, the Wisconsin Legislature decided that "[t]he circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in those actions to carry their orders and judgments into execution . . . ." Wis. Stat. § 767.01(1).

Plainly, therefore, Judge Needham was properly exercising jurisdiction when addressing issues relating to paternity, child custody, and Cole's state criminal charges. While Cole believes that state courts in Minnesota, not Wisconsin, have jurisdiction over child custody issues, Referee Clysdale has reached the contrary conclusion. *See Kramlinger v. Cole*, 62-FA-24-453, Index #53 ¶ 11 ("Wisconsin has continuing and exclusive jurisdiction over the child custody proceeding pertaining to this matter and will continue to have such exclusive jurisdiction until the State of Wisconsin explicitly relinquishes jurisdiction over the file 2015PA33PJ.")  For this reason, the Court concludes that Judge Needham has not acted "in the clear absence of *all* jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *see also Scheffler*, 821 F. App'x at 652 ("A court's exercise of its jurisdiction in an erroneous manner does not make the act any less a judicial

6

act; nor does it render the judicial defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever." (cleaned up)).  Cole's claims against Judge Needham are barred.

### C. Karl Anderson

Cole also names Anderson, a prosecutor, as a Defendant.  (*See* Doc. No. 1.)  However, a state prosecutor is entitled to absolute immunity for acts performed "in initiating a prosecution and in presenting the States's case" against a criminal defendant.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Such immunity "covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."  *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).  Absolute prosecutorial immunity, moreover, "defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."  *Imbler*, 424 U.S. at 419 n.13.

As with the defendants discussed above, Cole does not specify in the Complaint what allegedly wrongful conduct she attributes to Anderson.  (*See* Doc. No. 1.)  At most, she refers to Anderson as a "prosecutor," and court records show that Anderson, on behalf of Wisconsin, brought criminal charges against Cole for interfering with the custodial rights of another parent.  *See State v. Langworthy*, No. 2022CF289.  Because the Complaints includes no facts alleging that Anderson's conduct fell outside of his official prosecutorial duties, Anderson is immune from suit for damages.[5]

---

[5] To the extent the Complaint asks for declaratory or injunctive relief related to Anderson's allegedly wrongful conduct, the Court observes that, "federal courts should not interfere in

7

## II. COLE'S REMAINING CLAIMS

Having concluded that the State of Wisconsin, Judge Needham, and Anderson are immune from suit, the Court asks whether Cole's Complaint has stated a plausible claim for relief against the remaining Defendants (Kramlinger, Standart, Buberl, and St. Croix County). As already noted, Kramlinger is the adjudicated father of O.C.L.K. Buberl is a private attorney who has, on occasion, represented Kramlinger in his family law proceedings in the Minnesota and Wisconsin state courts. It is not clear who Standart is.

### A.   Section 1983

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added). "[A] private actor may be liable under § 1983 when the private actor 'is a willful participant in joint activity with the State or its agents in denying a plaintiff's constitutional rights." *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) (internal citation omitted). Setting aside the question of whether Cole has established a plausible constitutional violation, Cole asserts no facts suggesting that Kramlinger or Buberl acted together with state actors in violating those rights. Cole's section 1983 claims against Kramlinger and Buberl therefore fail as a matter of law.

---

state criminal court proceedings when state a federal law provide adequate remedies and when intervention needlessly threatens the principle of comity." *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Plaintiff has not alleged that she has filed a state appeal of her criminal conviction or that such an appeal (or any other legal recourse) is not available to her. Accordingly, to the extent that prosecutorial immunity does not bar equitable relief, Plaintiff's request for such relief is simply premature. *Id.*

The Complaint also fails to state a claim against Standart. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). The Court has reviewed the Wisconsin and Minnesota family court records and is unable to discern who Standart is or how she may be involved in the conduct described in Cole's Complaint. In short, the Complaint contains no allegations of any causal connection between the alleged deprivation of rights and Standart's conduct. Cole's section 1983 claim against Standart therefore fails.

This leaves St. Croix County. A political subdivision, such as St. Croix County, "may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, "[a] political subdivision may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id*. Here, the Complaint fails to allege facts concerning the essential elements of municipal liability under section 1983. *See Monell*, 436 U.S. at 690–91 (1978) (listing essential elements of municipal liability—including the violation of a constitutional right and the existence of a custom or official policy that brought about the alleged constitutional violation). Cole's section 1983 claims will be dismissed.

B.   **18 U.S.C. §§ 241, 242**

Cole asserts causes of action under 18 U.S.C. §§ 241 and 242. However, those statutes are federal criminal statutes, and there is no private right of action for violations of 18 U.S.C. §§ 241 or 242. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998);

9

*see also Green v. Carlson*, No. 19-CV-1666 (ECT/SER), 2019 WL 5400509, at *4 (D. Minn. Oct. 22, 2019) ("Section 242 provides no private right of action."); *Roberson v. Pearson*, Case No. 12-CV-2056 (ADM/FLN), 2012 WL 4128303, at *1 (D. Minn. Aug. 27, 2012) (listing cases), *report and recommendation adopted by* 2012 WL 4128293 (D. Minn. Sept. 18, 2012).  These claims are therefore dismissed.

    C.    **VAWA and ADA Claims**

Cole also alleges that Defendants violated VAWA and the ADA.  Congress enacted VAWA to address housing instability for those affected by domestic violence, *see* 34 U.S.C. § 12472, and the ADA prohibits discrimination and retaliation against people with disabilities in employment, transportation, public accommodation, and access to state and local government programs and services, among others, *see* 42 U.S.C. §§ 12101 *et seq*.  The Complaint, however, contains no factual allegations describing how the Defendants violated VAWA, or which provision was purportedly violated.[6]  Likewise, the Complaint contains no factual allegations identifying the nature of Cole's asserted disability, or describing her requested accommodation.  Accordingly, these claims are dismissed.

    D.    **State Law Claims**

In the Complaint, Cole also alleges that Defendants "stalked" her, "harassed" her, and threatened witnesses.  (Doc. No. 1).  Such claims arise under state law.

---

[6] Further, it is not clear that VAWA establishes a private cause of action.  *United States v. Morrison*, 529 U.S. 598, 617 (2000) (declaring unconstitutional the private civil remedy established by VAWA).

To the extent that Cole contends that Defendants engaged in criminal stalking or harassment, this Court has no authority to investigate or prosecute alleged criminal offenses. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

To the extent Cole contends that Defendants' behavior was tortious, the Court will decline to hear her state law claims. Court has already determined that Cole's federal claims fail as a matter of law, and "it is normal practice . . . to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state law claims in the state courts, if they wish." *Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019). The Court declines to exercise its pendent jurisdiction here and dismisses the state law claims for that reason.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Emma Cole's Complaint (Doc. No. 1) is DISMISSED WITH PREJUDICE;

2. Plaintiff's Motion to Dismiss, Motion for Abatement of Lower Court Proceedings, and for Federal Protection (Doc. No. 3) is DENIED as moot;

3. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 4) is DENIED as moot;

4. Plaintiff's IFP Application (Doc. No. 6) is DENIED as moot.

5. Plaintiff's Emergency Request for Federal Court Intervention (Doc. No. 7) is DENIED as moot; and

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 29, 2024                               /s/ *Jeffrey M. Bryan*
                                                     Judge Jeffrey M. Bryan
                                                     United States District Court